THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY GAGE, Administratrix of the Estate of Christopher C. Murphy, Deceased, | :<br>:<br>:<br>: |
| Plaintiff, | : 3:17-CV-00536 |
| v. | : (JUDGE MARIANI) |
| SOUTHWESTERN ENERGY COMPANY, et al., | :<br>:<br>: |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case arises from a fatal car accident resulting in the death of Christopher Murphy. Plaintiff, the administratrix of Mr. Murphy's estate, brings wrongful death and survival claims under Pennsylvania law. Defendant SWN Production Company, LLC ("SWN") filed the instant motion to dismiss the Amended Complaint, arguing that Plaintiff failed to file the requisite documents as a "foreign fiduciary" in Pennsylvania prior to initiating suit, or alternatively, that this suit should be dismissed because there is a prior action pending in state court. Doc. 10. For the reasons that follow, SWN's motion will be denied.

### II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On December 1, 2014, Christopher Murphy died of a fatal car accident near the intersection of State Route 92 and Hillborn Road in Susquehanna County, Pennsylvania. Doc. 7 ¶¶ 21-24. At the time, SWN and its agents operated a gas well known as the

1

"Colwell North 3H" near Hillborn Road. *Id.* ¶¶ 9-11. SWN moved equipment and supplies to and from the Colwell North 3H gas well, which tracked mud, gravel, and grease near the intersection of State Route 92 and Hillborn Road, causing the area to become slippery for other motorists. *Id.* ¶¶ 17-20. The Amended Complaint alleges that Mr. Murphy's vehicle made contact with the mud and grease near the intersection, causing it to slide sideways into a tree and resulting in his death. *Id.* ¶¶ 23, 24.

Plaintiff Kimberly Gage, who is the sister of Mr. Murphy, was appointed as administratrix of his estate in Broome County, New York on March 12, 2015. *Id.* ¶¶ 2, 3. Plaintiff brings wrongful death and survival claims against SWN under Pennsylvania's Wrongful Death Act and Survival Act, alleging that SWN's negligent acts caused Mr. Murphy's death. *Id.* ¶¶ 35-55. This action was first brought in the Court of Common Pleas of Susquehanna County on July 11, 2016, but was removed to this Court by SWN on March 27, 2017. *Id.* ¶ 7. On March 28, 2017, Plaintiff Kimberly Gage filed an affidavit and an exemplified copy of her appointment as administratrix of Mr. Murphy's estate in the Susquehanna County Register of Wills, as required by Pennsylvania's Fiduciaries Act, 20 Pa. C.S. § 4101. *Id.* ¶ 4. Plaintiff then filed an Amended Complaint on April 13, 2017. SWN has moved to dismiss the Amended Complaint, arguing that Plaintiff's compliance with § 4101 is untimely, and that the requisite documents should have been filed *before* the initiation of Plaintiff's suit on July 11, 2016. Doc. 10. In the alternative, SWN argues dismissal is warranted because there is a second pending state action in the Court of

Common Pleas in Susquehanna County involving the same claims arising from the same fatal accident. *Id.*

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President*

of the U.S., 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

## IV. ANALYSIS

SWN's first argument for dismissal rests on a seldom cited Pennsylvania statute governing a "foreign fiduciary's" capacity to sue in Pennsylvania courts, 20 Pa. C.S. § 4101 ("Section 4101"). Before the enactment of the statute, "a foreign fiduciary," such as Plaintiff in this case, "had no power to maintain an action in Pennsylvania." *Hunt v. Penn Cent. Transp. Co.*, 414 F. Supp. 1157, 1158 (W.D. Pa. 1976). The enactment of Section 4101 "authorized a foreign fiduciary to institute proceedings in the Commonwealth subject to conditions and limitations imposed on non-resident suitors generally." *Id.* The parties do not dispute that Plaintiff has complied with Section 4101's conditions as of the filing of the Amended Complaint, but SWN argues that Plaintiff's compliance was untimely because the

4

conditions needed to be satisfied *before* the initiation of this lawsuit, which was first filed in the Court of Common Pleas of Susquehanna County on July 11, 2016. Doc. 10-5.[1]

Section 4101 provides, in relevant part:

A foreign fiduciary may institute proceedings in the Commonwealth, subject to the conditions and limitations imposed on nonresident suitors generally...the maintenance of a proceeding or the exercise of any other power by a foreign fiduciary shall be subject to the following additional conditions and limitations:

**(1) Copy of appointment.** The foreign fiduciary shall file with the register of the county where the power is to be exercised, or the proceeding is instituted...an exemplified copy of his appointment or other qualification in the foreign jurisdiction, together with an exemplified copy of the will or other instrument, if any....

**(2) Affidavit.** The foreign fiduciary shall execute and file an affidavit with the register of the county where the power is to be exercised or the proceeding is instituted...stating that after diligent search and inquiry, the estate of which he is fiduciary is not, to his knowledge or so far as he has been able to discover, indebted to any person in the Commonwealth, and that he will not exercise any power which he would not be permitted to exercise in the jurisdiction of his appointment.

20 Pa. C.S. § 4101. In sum, the "maintenance of a proceeding" by a foreign fiduciary is subject to two filing requirements: (1) "an exemplified copy of [her] appointment," and (2) an affidavit stating that the estate is not indebted to anyone in Pennsylvania and the fiduciary will not exercise any power she otherwise would have been denied in Pennsylvania.

According to the Amended Complaint, Plaintiff did submit the two sets of required

---

[1] Because the state court documents are publically filed court documents, the Court may take judicial notice of them on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record... judicial proceedings constitute public records and [] courts may take judicial notice of another court's opinions.").

5

documents on March 28, 2017, but SWN argues her submission is too late. Under SWN's interpretation of the statute, the two conditions set forth in Section 4101 are "conditions *precedent* to the institution of suit." Doc. 10-4 at 9 (emphasis in original). According to SWN, "the tense of 'to be exercised' plainly describes a filing first and an exercise of power afterwards," and the statement that "the maintenance of a proceeding...by a foreign fiduciary *shall* be subject to the following additional *conditions* and limitations" suggests that the statutory conditions must be satisfied before the proceeding is commenced. *Id.* at 9-10 (emphasis in original). SWN argues that because Plaintiff complied with Section 4101 after the initiation of suit and after the statute of limitations had run, she "lacks capacity or standing to sue." *Id.* at 11.

SWN's reading of the text, however, is entirely contrary to the few cases that have addressed the interpretation of Section 4101. In *Biglan v. Biglan*, the most recent case to rule on the issue, the Pennsylvania Superior Court squarely rejected the appellant's argument that compliance with Section 4101 needed to occur prior to filing suit or prior to the expiration of the statute of limitations:

> [T]he statute [Section 4101] itself is silent as to any time limitations. The legislature imposed no requirements as to when the necessary documents were to be filed or the effect upon the action if the documents were not filed. If anything, the language appears to indicate that the documents could be filed *after* the proceeding was underway: 'The foreign fiduciary shall execute and file an affidavit with the register of the county *where* the power is to be exercised or *the proceeding is instituted*....' In the face of this ambiguous language, we cannot interpret § 4101 to comprise a condition precedent to the institution of a legal proceeding.

6

479 A.2d 1021, 1025 (Pa. Super. 1984) (quoting 20 Pa. C.S. § 4101) (emphasis in original). *Biglan* relied upon *Hunt v. Penn Central Transportation Co.*, a Western District Court of Pennsylvania case that reached a similar conclusion based on general principles of fair notice and the judicial preference for resolving cases on their merits. 414 F. Supp. at 1159-60. Despite plaintiff's delayed compliance with Section 4101 in *Hunt*, which occurred after the statute of limitations had run, the court found that defendant suffered no real prejudice because "the original pleading [gave] fair notice of the general fact situation out of which the claim arises." *Id.* at 1160 (quoting 3 MOORE'S FEDERAL PRACTICE, ¶ 15.15 (2d Ed. 1962).

The *Hunt* court then went on to hold that "[b]ecause we find that the foreign administrator had the capacity to sue in Pennsylvania, subject to the filing of certain informational materials in the Office of the Register of Wills in the County in which the action is brought, *we cannot find the failure to file such information prior to the institution of this suit and prior to the expiration of the statute of limitations to be an absence of a capacity to sue* and, therefore, we find no prejudice to any of the defendants from the allowance of such an amendment." *Id.* (emphasis added). *See also Greene v. Goodyear*, 112 F. Supp. 27, 28 (M.D. Pa. 1953) (allowing "amendment to the complaint showing the filing of the exemplified copy of appointment and affidavit" after initiation of suit, when the amendment "did not change the cause of action or the party plaintiff").

Similar to *Hunt*, this case also involves a plaintiff that demonstrated a showing of

compliance with Section 4101 after the initiation of suit and after the statute of limitations has run. *Compare* Doc. 7 ¶ 4 (alleging that Plaintiff filed requisite Section 4101 documents on March 28, 2017) *with* 42 Pa. C.S. § 5524(2) (Pennsylvania statute stating that a wrongful death action caused by negligence is two years, thus rendering the statute of limitations on Plaintiff's claim to have expired on December 1, 2016). However, SWN had notice of the claims and factual allegations of the suit since the initiation of the suit in state court, which was filed on July 11, 2016, well before the statute of limitations had run.

The Court declines SWN's invitation to disregard *Biglan* and *Hunt* in favor of SWN's own reading of Section 4101. *See* 10-4 at 9 (SWN's brief arguing that "[r]ead as a whole, § 4101 communicates precisely what the Superior Court [in *Biglan*] refused to find - conditions precedent to the institution of suit"). As the *Biglan* and *Hunt* courts correctly noted, the plain text of the statute does not impose a time frame in which the administratrix *must* file the requisite exemplified copy of appointment and affidavit—it simply states that in "the *maintenance* of a proceeding or the exercise of any other power by a foreign fiduciary shall be subject to…[these] conditions and limitations." 20 Pa. C.S. § 4101 (emphasis added). If anything, the term "maintenance of a proceeding" suggests that the enumerated conditions may be satisfied during the pendency of an existing proceeding, instead of requiring compliance prior to the initiation of the proceeding.

More importantly, SWN cannot argue that it suffered any real prejudice by Plaintiff's filing date. Though neither party analyzed the issue under Rule 15(c), it is well-established

that "Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012). The purpose of allowing "relation-back" to the original proceeding is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* (quoting *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 130 S.Ct. 2485, 2494, 177 L.Ed.2d 48 (2010)). "[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Id.* at 146 (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

SWN's own brief notes that it "responded to pre-complaint discovery" in the instant action when it was in state court. Doc. 10-4 at 2. The brief does not point to any new or different allegations in the federal Amended Complaint that were not present in the original state court complaint. In fact, SWN's reply brief suggests that the only difference is that the Amended Complaint added allegations regarding Plaintiff's Section 4101 compliance. Doc. 14 at 3. Thus, SWN has been given "fair notice of the general fact situation out of which the claim arises." *Hunt*, 414 F. Supp. at 1160. Furthermore, Plaintiff's deferred Section 4101 compliance does not affect SWN's ability to present any substantive defense

9

on the merits. SWN cannot escape its obligation to defend the case based on a contorted reading of Section 4101, especially one that has been uniformly rejected by the few Pennsylvania cases that have since interpreted the statute. Accordingly, SWN's argument for dismissal based on Section 4101 is unavailing.

Alternatively, SWN moves to dismiss based on the "pendency of a prior action doctrine." Doc. 10-4 at 12. SWN claims that Plaintiffs filed two successive suits in the Court of Common Pleas of Susquehanna County. *Id.* at 2. The first suit, filed on July 11, 2016 (the "First State Action"), is the instant suit which was removed to this Court. *Id.* While the First State Action had fifteen named defendants at the outset, SWN is the only remaining defendant at the time of removal. *See* Docs. 7, 10-5.[2] According to SWN, all other defendants were dismissed by a conditional stipulation, which provided that "if facts contrary to the aforesaid representations develop or are discovered...that may impose liability on the dismissed defendants, plaintiff has the right...to bring the dismissed defendants back into this lawsuit." Doc. 10-6 at 3. The second suit, filed on November 30, 2016 (the "Second State Action"), names SWN and thirty-nine other entities as defendants, none of which overlap with those originally named in the First State Action. *See* Doc. 10-7. However, the

---

[2] Although the Amended Complaint kept the original fifteen defendants named in the First State Action in the caption, the text of the Amended Complaint indicates that SWN is the sole remaining defendant. For example, the introductory paragraph states that plaintiff "hereby complains of the Defendant SWN Production Company, LLC, as follows..." without naming any other defendants. Moreover, all Counts in the Amended Complaint are made against SWN only. Finally, none of the other defendants are named at all in the text of the Amended Complaint. *See* Doc. 7 *generally*. Thus, the Court construes the Amended Complaint as naming only SWN as the defendant. In any event, the issue is not pertinent to the conclusions reached in this opinion.

10

substantive allegations are the same, and both suits arise from the same fatal accident that caused Mr. Murphy's death. *See* Docs. 7, 10-9. SWN argues that the action pending in this Court should be dismissed pursuant to the prior pending action doctrine, as it is duplicative of the Second State Action. Doc. 10-4 at 11-14.

SWN's reliance on the doctrine is misplaced. "The prior pending action rule provides that a party does not have a 'right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Conklin v. Warrington Twp.*, 2008 WL 2704629, at *13 (M.D. Pa. 2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1977)). "The rule, however, applies where the two actions are both filed in the 'same federal court.'" *Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, 2016 WL 7475816, at *19 (E.D. Pa. 2016) (quoting *Walton*, 563 F.2d at 70). In this case, the purportedly duplicative action is pending in state court, while this action is in federal court. Furthermore, the two actions involve almost entirely different sets of defendants. That is, with the exception of SWN, there is no overlap of defendants between the cases. Because the two actions do not "involv[e] the same subject matter at the same time in the same court and against the same defendant," dismissal is not warranted under the prior pending action doctrine.[3]

---

[3] While the prior pending action doctrine not applicable here, SWN might have considered an abstention argument under the principles of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Without deciding the issue, as it was not briefed by either party, the Court notes that a *Colorado River* analysis would not likely counsel abstention in this case. The cases at issue are not parallel given their involvement of different parties. Moreover, even assuming that the cases are indeed parallel, the multi-factor analysis under the second prong of *Colorado River* would not appear to

## V. Conclusion

For the reasons outlined above, Defendant's motion to dismiss (Doc. 10) will be denied. A separate Order shall issue.

Robert D. Mariani
United States District Judge

---

support abstention, especially in light of the federal courts' overarching, "virtually unflagging obligation" to exercise jurisdiction. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817). It is therefore the Court's view that the same result would be reached had the parties argued abstention.